# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-2302-STV

BRIAN WATSON,

    *Plaintiff*,

v.

LAURA ELSADEN,

    *Defendant*.

## JOINT PROTECTIVE ORDER

Entered By Magistrate Judge Scott T. Varholak

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of certain confidential information, it is hereby ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, including but not limited to information disclosed by third parties.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the privacy or business interests of the parties, including but

not limited to: medical and personal financial information, private personnel information, and commercially sensitive or other proprietary business information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the designating party or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    b. the parties, including their designated representatives and counsel;

    c. expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

    d. the Court and its employees ("Court Personnel") and the jury at trial;

    e. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    f. deponents or witnesses at hearing or trial;

    g. the Colorado Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, C.R.S. § 10-1-128(5)(a) and Colo. Ins. Reg. 6-5-1;

    h. anyone as otherwise required by law; and

        i.        other persons by written agreement of the parties.

5.        Non-public information or materials may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the designating party believes in good faith that such materials comprise highly confidential information that likely would be of significant value to a competitor or potential competitor of the designating party possessing the information and the disclosure of which would likely be harmful to the designating party, and that therefore must be protected from disclosure. "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may include, without limitation, trade secret information, highly sensitive technical information, highly sensitive financial information, marketing plans and forecasts, pricing and cost information, and customer names and lists. The parties agree to use the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" sparingly and only when, in good faith, it is deemed necessary to do so. Absent a specific order by this Court, once designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," such designated information shall be used by the Parties solely in this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

6.        Confidential information designated as "CONFIDENTIAL– ATTORNEYS' EYES ONLY" shall not, without the consent of the Party, non-party, or third party producing it or further Order of the Court, be disclosed except that such information may

be disclosed only to those individuals listed in sub-paragraphs 4(a), (c),[1] (d), (e), (f), (g) (h), and (i).

7.  Prior to disclosing any "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" information to any person identified in sub-paragraph 4(c) (expert witnesses and consultants) or sub-paragraph 4(f) (deponents or witnesses), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.  Documents are designated as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" "CONFIDENTIAL– ATTORNEYS' EYES ONLY".

9.  Whenever a deposition involves the disclosure of CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL–

---

[1] For the avoidance of any doubt, confidential information designated as "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall not be disclosed to any experts or consultants who are regularly employed by or associated with a Party.

ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.  All testimony shall be treated as CONFIDENTIAL– ATTORNEYS' EYES ONLY information until the 30-day period has expired.

10.   A party may object to the designation of particular CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made and the basis for that objection.  Pursuant to D.C.COLO.MJ VI.2, the Parties shall meet and confer in "good faith" in accordance with D.C.COLO.LCivR 7.1(a). If the parties cannot resolve the discovery dispute within 10 business days after the time the notice is received, the parties shall jointly contact Chambers pursuant to the discovery dispute procedures set forth in D.C.COLO.MJ Section VI.  If this procedure is timely pursued, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court issues a ruling on the dispute.  If this procedure is not timely pursued, the disputed information shall lose its designation as CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY in accordance with this Protective Order.  The party designating the information as CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY.

11. Unless other arrangements are agreed upon in writing by the parties, within 30 days of the final determination of this action, each person or party who has received CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY information shall be obligated to return the CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY information, including any copies, to the designating party, or the receiving party may elect to destroy the CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY information, including any copies, and certify that it has been destroyed.  The receiving party, however, need not destroy or return (a) any CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY information.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY information pursuant to this Protective Order. However, the Court will not retain jurisdiction over a matter once the case is closed.

13. Any request to restrict public access to materials designated as CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2.  The party seeking to restrict a document filed with the Court shall bear the burden of establishing that the document should be restricted.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED:                                        BY THE COURT:

                                               _____
                                               United States Magistrate Judge